UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:26-cv-02088-MWC-DSR                                Date: May 20, 2026

Title:      Melanie Delapaz v. Circle K Stores Inc. *et al.*


Present:  The Honorable Michelle Williams Court, United States District Judge


|                    T. Jackson                     |              Not Reported              |
| :-----------------------------------------------: | :------------------------------------: |
|                   Deputy Clerk                    |         Court Reporter / Recorder      |

|       Attorneys Present for Plaintiffs:           |     Attorneys Present for Defendants:  |
| :-----------------------------------------------: | :------------------------------------: |
|                       N/A                         |                  N/A                   |


**Proceedings: (IN CHAMBERS) ORDER DISMISSING CASE WITH PREJUDICE
JS-6**

On April 24, 2026, the Court *sua sponte* dismissed Plaintiff's Complaint for lack of Article III standing. *See* Dkt. # 16. The Court provided twenty-one days to file an amended complaint, to expire on May 15, 2026, warning that "[i]f Plaintiff fails to timely file an amended complaint, the Court will dismiss the action with prejudice pursuant to Rule 41(b)." *See id.* at 4. Still, Plaintiff failed to file an amended complaint.

Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action if the plaintiff fails to comply with a court order. Fed. R. Civ. P. 41(b). The Court must analyze five factors before dismissing a case pursuant to Rule 41(b): (1) the public's interest in expeditious resolution of the case; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) (citation omitted).

As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *see Manzanarez v. Madera Collection Servs.*, No. 1:23-cv-00258-JLT-BAM, 2024 WL 1660249, at *2 (E.D. Cal. Apr. 17, 2024). The same is true of the second factor, which centers on a court's need to manage its docket. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (finding that the court's interest in docket control weighed in favor of dismissal where plaintiff failed to comply with order to file an amended complaint).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:26-cv-02088-MWC-DSR                          Date: May 20, 2026

Title:     Melanie Delapaz v. Circle K Stores Inc. *et al.*


Third, a consideration of prejudice to Defendants counsels in favor of dismissal. More than twenty-one days have passed since the initial dismissal, and Plaintiff has failed to "come forth with an excuse for . . . delay." *Manzanarez*, 2024 WL 1660249, at \*2 (quoting *In re Eisen*, 31 F.3d 1447, 1453 (9th Cir. 1994)). "The law presumes injury from unreasonable delay," though a party may rebut this presumption "if there is a showing that no actual prejudice occurred . . . ." *In re Eisen*, 31 F.3d at 1452–53 (internal quotation marks and citation omitted). Because "Plaintiff has offered no explanation for [the] failure to file an amended complaint," Plaintiff "has not rebutted the presumption of prejudice to the Defendants." *See Bustamante v. Dean*, No. CV 18-2543-FMO (JPR), 2018 WL 10517602, at \*1 (C.D. Cal. Aug. 23, 2018).

There is no less drastic alternative available, as Plaintiff failed to provide an amended complaint showing standing to bring a claim under the Americans with Disabilities Act. *See, e.g.*, *Wilson v. Mt. Diablo Unified Sch. Dist.*, No. 18-cv-03973-JD, 2018 WL 4373056, at \*1 (N.D. Cal. Sept. 12, 2018) ("There is no appropriate less drastic sanction in light of plaintiff's failure to amend his complaint in a timely manner.").

Although the fourth factor—a preference for disposition on the merits—always weighs against dismissal, "together the other factors outweigh the public's interest in disposing of the case on its merits." *McCoy v. U.S. Dep't of Hous. & Urb. Dev.*, No. SACV 21-00583-JAK (JPR), 2021 WL 4776061, at \*1 (C.D. Cal. Oct. 13, 2021).

The Ninth Circuit has held that "[t]he failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal." *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004). Here, Plaintiff failed to respond to the Court's command to file an amended complaint, warranting dismissal.

For these reasons, the Court **DISMISSES** the case **WITH PREJUDICE**. This Order closes the case.  JS-6

**IT IS SO ORDERED.**


|                              |     :       |
| ---------------------------- | ----------- |
| **Initials of Preparer**     | TJ          |